YALE *v.* NEWTON.

ORAL CONTRACT—CONSTRUCTION—ERROR WITHOUT PREJUDICE.
    Where, in an action on an oral contract, the judge charged the
    jury that it was not for them to say what the contract was,
    and also charged them to take the case, examine it, view the
    entire evidence, and "find what the contract was," and
    whether the plaintiff had fulfilled it, the jury could not have
    been misled, and the case will not be reversed.

Error to Muskegon; Russell, J.   Submitted December
10, 1901.   (Docket No. 157.)   Decided April 25, 1902.

*Assumpsit* by William R. Yale against Isaac P.
Newton for work and labor.  From a judgment for
plaintiff, defendant brings error.   Affirmed.

*Dan T. Chamberlain*, for appellant.

*Arthur Jones*, for appellee.

LONG, J.   This suit was commenced in justice's court
upon a claim for $7.50.   Plaintiff recovered.   Defendant
appealed to the circuit court, where the case was tried
before a jury, and plaintiff again recovered.

It appears that the plaintiff is an upholsterer, doing
business in Muskegon.   Defendant called upon him at his
shop, and asked him to go to his house with a needle and
some twine, and sew on some buttons which had become
loose on a large sofa.   Arriving there, the plaintiff advised
defendant, after having examined the sofa, that he could
not repair it at the house, because the buttons had pulled
through the leather; that the only way he could fix it was
to take it to the shop, and re-enforce the entire cover by
taking it off and placing patches underneath to hold the
buttons.   The plaintiff's claim is that he took the sofa to
the shop, fixed it as agreed, returned it to defendant, and

thereafter sent him by mail a bill for the work, which defendant refused to pay, claiming that plaintiff was to do a good job, and satisfactory to himself. Defendant's claim was that, about two or three weeks after the sofa was returned, one or two buttons did not hold the leather down; that he thereupon called in another upholsterer, who sewed the buttons down, and charged $1 therefor. The court left these issues to the jury, stating that the plaintiff claimed he had fulfilled the contract made with defendant; and also stating the claim of defendant that plaintiff had not fulfilled his contract, as it was not a good job, such as plaintiff agreed to do, and was not satisfactory to defendant; and stating that, if the jury found "from the evidence that it was not a good job, such as the plaintiff agreed to make, and was not satisfactory because of that fact, the plaintiff was not entitled to recover, and the verdict should be for the defendant."

It is claimed on the part of defendant's counsel that the court erred in his charge as follows: "Now, it is not for you, gentlemen, nor is it for the court, to say what this contract was." This language appears to have been used in the charge; but it is quite apparent that the court did not intend to say to the jury that the contract was not for them to determine, as we find further on in the charge the court said:

"Now, gentlemen, you will take the case, and examine it, viewing the entire evidence, and find what the contract was, and say as to whether the plaintiff has fulfilled that contract. If he has, he is entitled to recover what his services are fairly worth; and if he has not fulfilled the contract, and the condition of the contract was that he was not to receive compensation unless he did fulfill it and perform a good job, satisfactory to the other party, if he has not done that, your verdict will be that there is no cause of action."

We think the jury could not have been misled by this charge.

Some other questions are raised in reference to the rul-

ings of the court upon the admission and rejection of certain evidence. We have examined the record, and are satisfied that there was no error in these rulings.

Judgment must be affirmed.

The other Justices concurred.